IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-370-BO

| | | |
|---|---|---|
| ALEX HAYES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| McKINLEY WOOTEN, JR., | ) | |
| TERRY CARMICHAEL, SR., | ) | |
| KELVIN TYSON, WILLIE HOLLEY, | ) | |
| ELEVATION BAPTIST CHURCH, | ) | |
| INC., and its Insurers, | ) | |
|     Defendants. | ) | |

This matter is before the Court upon Defendants' various motions to dismiss. [DE 17, 19, 20]. Plaintiff alleges in this action that the wrongful conduct of the Defendants, leaders of Elevation Baptist Church, Inc. (Elevation), caused damages to which the law entitles the Plaintiff to relief. The Defendants have moved to dismiss the Complaint pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motions to dismiss [DE 17, 19, 20] are GRANTED. Plaintiff's claims are DISMISSED in their entirety.

## BACKGROUND

Plaintiff Alex Hayes began attending Elevation Baptist Church (Elevation) in December of 2007. Defendants Wooten, Carmichael, Tyson and Holley held leadership roles at Elevation at all times relevant to the facts alleged in this case.

Plaintiff claims that in February of 2007, he "was participating in a group discussion when he was inappropriately touched on the inner leg by another group participant, the defendant, McKinley Wooten Jr" (sic). After the alleged contact, Plaintiff "became cautious"

about Wooten. Wooten continued, Plaintiff alleges, to "approach the plaintiff and make subtle gestures towards the plaintiff outside and inside the church."

Plaintiff alleges that after he rebuffed Wooten's "subtle gestures," Wooten and another individual, Maurice Roper, "became very fearful of the plaintiff." Plaintiff alleges that Wooten and Roper's wariness developed because "[the Elevation leadership] knew their secrets [of condoning homosexual conduct] had been discovered"

In August of 2008, Plaintiff alleges he and his son attended an Elevation event entitled "BOYS TO MEN." Much to Plaintiff's dismay, "during the conference the event began to take on a very homosexual character in nature and in spirit." Plaintiff alleges that "[m]ore than half the people [at the conference] displayed gay tendencies and characters" (sic). According to Plaintiff, "[i]t was obvious that most of the men there either practice[d] a lifestyle of some form of homosexuality at one time or another in their lifestyles" (sic). In particular, Plaintiff alleges the conference included an "all-male" fashion show in addition to a session on table etiquette. Bewildered and upset, Plaintiff alleges he became "so distraught that he took his son out of the sessions."

The Plaintiff articulated his concerns regarding the BOYS TO MEN conference to Elevation leaders immediately after the event. Then sometime in August of 2008, Plaintiff and his family stopped attending Elevation

In November of 2008, Defendant Kelvin Tyson, Head Deacon at the time at Elevation, facilitated a meeting between Plaintiff, and Defendants Carmichael, Wooten, Tyson and non-party Victor Hyman. Plaintiff alleges he tape-recorded the conversations that occurred during this meeting.

2

At the meeting, Plaintiff alleges that Defendant Wooten "apologized at least 8 times for touching the plaintiff inappropriately." Plaintiff further contends that defendant Tyson became "verbally abusive towards the plaintiff." Plaintiff claims that Tyson asserted that "his [Plaintiff's] opinion or thoughts did not matter."

Apparently convinced he had viable claims against the named defendants, the *pro se* Plaintiff filed this lawsuit in federal court on September 10, 2010. [DE 1]. The Complaint purports to assert a barrage of claims, including:

- "VIOLATING OF CIVIL LIBERTIES" (sic);
- "SEXUAL HARRASSMENT" (sic);
- "Maintaining a Hostile Environment to Allow SEXUAL ASSAULT;"
- "CONSPIRACY TO ALLOW A HOSTILE ENVIRONMENT;"
- "CONSPIRACY TO VIOLATE RELIGIOUS EXPRESSION;"
- "CONSPIRACY TO COMMIT FRAUD;"
- "FALSE REPRESENTATION;"
- "MENTAL ANGUISH, & ANXIETY" (sic);
- "Vicarious Liability;"
- "Breach of Fiduciary Duties;" and, finally,
- "Intentional Infliction of Emotional Distress."

[DE 1-1, p. 1].

The Complaint, which curiously includes a draft settlement proposal [DE 1-1, pp.5-7], requests "$56,000 from each defendant. . . . [and, furthermore] that the Church form a committee that holds church leaders accountable for misconduct." [DE 1, p. 4].

The Defendants contend, in their motions presently before the Court, that the Complaint must be dismissed pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] [DE 17, 19, 20].

---

[1]As the foregoing discussion demonstrates, *infra*, Plaintiff has failed to establish subject matter jurisdiction in this Court. Therefore, dismissal of this case is proper under Rule 12(b)(1), and it is unnecessary for the Court to rule on the motions to dismiss pursuant to Rules 12(b)(3)

## DISCUSSION

A. <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479-80 (4th Cir. 2005). As the party asserting that this court has subject-matter jurisdiction, Hayes must prove that subject-matter jurisdiction exists. *See, e.g., Steel Co.*, 523 U.S. at 104; *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. *Evans*, 166 F.3d at 647.

B. <u>APPLICATION</u>

Here, the Complaint must be dismissed pursuant to rule 12(b)(1) because this Court lacks subject-matter jurisdiction over the purported claims. A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interests and costs, and in which diversity or citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

Plaintiff does not allege that his case is before the Court pursuant to diversity

---

and 12(b)(6) of the Federal Rules of Civil Procedure.

4

jurisdiction–nor could he. It is undisputed that the parties are all citizens of North Carolina. This is clearly not a diversity case.

The Plaintiff instead vaguely pleads that his case raises a "Federal Question." [DE 1, p. 2]. But a careful review of the Complaint reveals that although the Plaintiff asserts a barrage of claims, none of those claims involve a federal question.

Here, the only claims that arguably arise under the Constitution or federal law are Plaintiff's claim for an alleged violation of "Title VII of the Civil Rights Act of 1964," [DE 1-1, p. 17] and Plaintiff's purported First Amendment claim which Plaintiff denominates "CONSPIRACY TO VIOLATE RELIGIOUS EXPRESSION" [DE 1-1, p.1.]

However, Plaintiff has not pled sufficient facts to state a claim under either of the aforementioned provisions. Title VII of the Civil Rights Act of 1964 (the Act), codified at 42 U.S.C. § 2000e, prohibits discrimination by covered employers on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2. The Act does not apply, however, where no employment relationship exists. *See id.* Accordingly, the Plaintiff fails to state a claim for violating the Act, and this purported claim can therefore not form the basis for the Court's subject matter jurisdiction.

With respect to the Plaintiff's purported claim for "conspiracy to violate religious expression," the Court must presume that such a claim–to the extent it is cognizable under our system of law–would arise under the First Amendment to the Constitution, in particular under the Free Exercise Clause. However, like his purported Title VII claim, Plaintiff's purported First Amendment claim must fail as pled.

By its terms, the First Amendment applies only to governmental action, not private

conduct. *See* U.S. Const. Amend. I ("*Congress* shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for redress of grievances.") (emphasis added); *Cantwell v. Connecticut*, 310 U.S. 296 (1940) (incorporating the Free Exercise Clause against the states). Here, however, the Plaintiff has sued a private church and several private members and leaders of that church, based on interactions occurring entirely within the confines of that private establishment and regarding internal policies concerning the private church's operation. Even when viewed with the most favorable gloss for the Plaintiff, there is no way to read the Complaint and plausibly conclude that a state actor has played any role in the conduct of which Plaintiff complains. Because there is no state action, the First Amendment has no application to the case at bar.

No other claims purportedly raised in the Complaint arise under federal law.[2] Accordingly, Plaintiff has failed to meet his burden of establishing subject-matter jurisdiction. And, unfortunately for Hayes, a plaintiff's failure to establish subject matter jurisdiction requires dismissal of his case. *See, e.g., Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342-43 (2006);

---

[2]The Court notes that Plaintiff has requested leave to amend the Complaint to include a claim for "a civil rights violation of 42 U.S.C. 1983" (sic). A 1983 claim, however, applies only against those "acting under color of state law." Because "acting under color of state law" requires a showing that "the state provided a mantle of authority that enhanced the power of the harm-causing individual actor," *NCAA v. Tarkanian* 488 U.S. 179, 192 (1988) the instant Defendants–all purely private parties whose relevant conduct was in no way connected with state activities–cannot be liable under § 1983. The Supreme Court has noted, that as a general matter the protections of the Fourteenth Amendment [from which § 1983 flows] do not extend to "private conduct abridging individual rights." *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722) (1961). Accordingly, even the proposed amended complaint fails to plead any claim arising under federal law, and, therefore, Plaintiff has failed to establish this Court's subject matter jurisdiction.

*Muse v. United States Dep't of Educ.*, No. 09cv0201, 2010 WL 892209, at *4 (W.D.Pa. March 9, 2010) (unpublished) ("Plaintiff has failed to address the Department of Education's sovereign immunity or to allege any such waiver. Due to Plaintiff's failure to affirmatively allege facts providing this Court with jurisdiction or to assert a basis for the [DOE]'s waiver of sovereign immunity, under Rule 12(b)(1) it is appropriate for this Court to dismiss Plaintiff's claims against Defendant for lack of subject matter jurisdiction."); *Valentino v. United States Dept. of Educ.*, No. 09cv0006 JM(LSP), 2009 WL 2985686, at *4 (S.D.Cal. Sept. 16, 2009) (unpublished) ("Plaintiff, as the party with the burden to demonstrate federal jurisdiction, fails to identify the applicable provision of § 1082 that authorizes an accounting, breach of contact, or declaratory relief claim. A conclusory allegation of subject matter jurisdiction without any reference to a federal statute authorizing the exercise of such jurisdiction, constitutes a failure to establish jurisdiction."). Accordingly, this Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction.

## CONCLUSION

In sum, the Court GRANTS the Defendants' motions to dismiss (DE 17, 19, 20). Plaintiff's claims are dismissed in their entirety. The Clerk is DIRECTED to close the case.

SO ORDERED.

This, the _14_ day of December, 2010

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE